UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

JONATHAN BROWN,                        )
                                       )
        Plaintiff,                     )   **Case No.:**
                                       )
    v.                                 )   **COMPLAINT AND DEMAND FOR**
                                       )   **JURY TRIAL**
MEYER & NJUS, P.A.,                    )
                                       )   **(Unlawful Debt Collection Practices)**
        Defendant.                     )
                                       )
                                       )

## COMPLAINT

JONATHAN BROWN ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MEYER & NJUS, P.A. ("Defendant"):

## INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3.  Defendant conducts business in the State of Michigan, therefore, personal jurisdiction is established.

4.  Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff is a natural person, who resides in Fowler, Indiana.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a debt collection company, which maintains an office at 21415 Civic Center Drive, Suite 301, Southfield, Michigan, 48076.

8. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

9. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant attempted to collect an alleged consumer debt from Plaintiff, related to Care Credit Dental account.

11. The alleged debt arose out of transactions that were for personal, family or household purposes.

12. Further, as Plaintiff has no business debt, the debt sought by Defendant could have only been personal in nature.

13. Throughout January 2013, Defendant's collectors, including an individual identifying himself as "Ben", placed collection calls to Plaintiff's cellular telephone number.

14. Ben stated that the account was "not in the status of garnishment or summons… yet", but implied that legal action was imminent.

15. The manner and method of communication were pervasive and emphasized an exigency where there was none.

16. Plaintiff requested that Ben send him validation of the debt, but as of the date of this filing, Defendant did not sent anything to Plaintiff.

17. Upon information and belief, Defendant did not intend to take legal action against Plaintiff for this debt and did not intend to garnish his wages.

18. Defendant's actions as described herein were taken with the intent to harass, upset and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Section 1692d of the FDCPA prohibits debt collectors from engaging in harassing, oppressive, or abusive conduct in their attempts to collect an alleged consumer debt.

20. Section 1692d(5) of the FDCPA specifically enumerates repeatedly causing a telephone to ring with intent to annoy, abuse, or harass as a violation.

21. Defendant violated sections 1692dand 1692d(5) of the FDCPA when it repeatedly and continuously placed telephone calls to Plaintiff's cellular telephone with the intent to annoy, harass or abuse Plaintiff in connection with the collection a debt and when it engaged in other harassing conduct.

## COUNT II
## DEFENDANT VIOLATED §§ 1692e, 1692e(4), 1692e(5) and 1692e(10) OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Section 1692(e) of the FDCPA prohibits the use of false, deceptive or misleading representation or means in connection with the collection of any debt.

23. Section 1692e(4) of the FDCPA prohibits a debt collector from representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

24. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

25. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false, deceptive or misleading representation or means in connection with collection of any debt, particularly using such representation or means to obtain information concerning a consumer.

26. Defendant violated sections 1692(e), 1692e(4), 1692e(5) and 1692e(10) of the FDCPA when Defendant's collectors implied that legal action and/or a garnishment was imminent when it lacked the intent to take such action, and when it engaged in other false, deceptive or misleading practices.

**COUNT III**
**DEFENDANT VIOLATED § 1692f OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

27. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt.

28. Defendant violated § 1692f of the FDCPA when it placed repeated telephone calls to Plaintiff, attempted to collect a debt from Plaintiff, when it implied that it would be garnishing Plaintiff's wages or taking legal action when it did not intend to take such action, when it refused

4

PLAINTIFF'S COMPLAINT

to send anything to Plaintiff to validate this debt, and when it engaged in other unfair and unconscionable practices.

WHEREFORE, Plaintiff, JONATHAN BROWN, respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JONATHAN BROWN demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 12/18/13                    KIMMEL & SILVERMAN, P.C.

By: /s/Amy L. Bennecoff
Amy L. Bennecoff
KIMMEL & SILVERMAN, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540 8888 ext. 116
Facsimile: (877) 788 2864
Email: abennecoff@creditlaw.com
*Attorney for Plaintiff*